**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL ANTHONY HILL** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1470-O |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Diboll Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Diboll, Texas, serving a conviction for the offense of burglary of a building.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of burglary of a building as charged in the indictment returned in Cause No. F-03-55398-QW Petitioner was tried by a jury which returned a verdict of guilty. Hill elected to have the court set punishment and after having pleaded true to the two enhancement paragraphs alleged in the indictment the court assessed his punishment at a term of 15 years imprisonment. On direct appeal from his conviction the Fifth

Court of Appeals at Dallas affirmed his conviction in an unpublished opinion issued on March 1, 2006. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on May 24, 2006.

Hill filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, on July 27, 2006. The Court of Criminal Appeals dismissed the same on November 15, 2006, because his direct appeal was still pending. He filed a second art. 11.07 application attacking his conviction on March 1, 2007, which was denied by the Texas Court of Criminal Appeals on July 13, 2007, without written order on the findings of the trial court without a hearing. Thereafter Hill filed the present petition. In response to the petition and this court's show cause order Respondent has filed an answer together with copies of Hill's prior state proceedings. Hill in turn filed a reply to the answer on January 17, 2008.

**Findings and Conclusions**: In his first three grounds for relief Hill attacks the procedural manner in which he was charged and the sufficiency of the indictment. At the outset it is to be noted that there is no federal constitutional requirement that a state felony offense be charged by a grand jury indictment. *See e.g. Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221 (1972). Further, the factual allegations undergirding these grounds are refuted by the record and the findings of fact made by the state trial court in Petitioner's art. 11.07 application which was denied on the merits. *See* No. WR-25,516-03 at 160-161 ¶¶ 5, 7 and 9. These findings of fact are entitled to a presumption of correctness which foreclose relief on the claims. 28 U.S.C. § 2254(e)(1).

It necessarily follows that since the indictment in F-03-55398-W alleged two prior felony offenses for enhancement of punishment, the trial court did not err in informing the jury venire that punishment could be up to 20 years imprisonment, the punishment range for a second-degree felony.

*See also* No. WR-25,516-03 at 163 ¶ 23. Therefore, ground four of his petition fails to state a basis for federal habeas relief.

In his fifth ground for relief Hill claims that the prosecutor disclosed his prior criminal record in the course of voir dire examination of the jury panel. The state trial court found that: "The State properly referred to the correct punishment range during voir dire and did not improperly mention [Hill's] prior convictions." No. WR-25,516-03 at 161-62, ¶¶ 13 and 15. The presumption of correctness precludes relief.[1]

In ground six Hill contends that he was deprived of the effective assistance of counsel by his trial attorney. The factual allegations which support this claim are set out at pages 16-29 of his memorandum of law contemporaneously filed with his petition.

Ineffective assistance of counsel claims are considered under the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687-89, 104 S.Ct. 2052 (1984). In addition to the analysis enunciated in *Strickland* when considering such a claim asserted in a § 2254 petition a federal court may not grant relief unless it also determines that the state court system's denial of relief was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1 (2003).

When he raised the same claims in his art. 11.07 application, the state trial court obtained an affidavit executed by Hill's trial attorney. *See* No. WR-25,516-03 at 165-168. In considering Ms. Segura-Muhammad's affidavit the state trial court found her to be trustworthy and found that she thoroughly investigated the case. The court further found that neither Officer Askew nor Hill's

---

[1]The undersigned has independently reviewed the voir dire proceedings which confirms the accuracy of this finding of fact. Prior to examination of the prospective jurors, Hill had elected to have the jury assess punishment although he subsequently elected to have the court impose punishment. *See* F-03-55398-W, Reporters' Record, Vol. 5 at 14.

sister was a fact witness to the burglary. Finally, the court found that Ms. Segura-Muhammad provided effective assistance of counsel. *Id.* at 162 ¶ 15. In light of the findings of fact and the absence of any colorable argument under state law with respect to the indictment, Hill cannot establish either required showing to undermine the Texas state courts' denial of his ineffective assistance of trial counsel claim. *See* § 22254(d)(1) and (2).

his seventh ground for relief attacks his appellate counsel's representation. The *Strickland* test applies equally to the representation provided by an attorney in a convicted felony's direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 286, 120 S.Ct. 746 (2000). Respondent argues that this ground is unexhausted. Although conceding that Hill alleged that his appellate attorney was ineffective in his art. 11.07 application, he points out that the factual allegations in his § 2254 petition are entirely different from those asserted in his state habeas application. A comparison of the facts alleged to support this claim in his art. 11.07 application, WR-25,516-03, at 010, to the allegations advanced in support of this ground in his § 2254 petition, at pages 29-34 of his memorandum of law, confirms that Hill has alleged new "facts" in his federal petition which were not raised in his state proceedings. Whereas his state application claims that appellate counsel failed to raise grounds which Hill asserted in his art. 11.07 application as points of error in the context of his direct appeal, in his §2254petition he claims that his attorney should have filed an *Anders* - no meritorious grounds brief - which would have then permitted Hill to file a *pro se* direct appeal brief. Although his federal claim is at least novel and creative, it was never presented to the state courts and is therefore unexhausted. *See Rose v. Lundy*, 455 U.S. 509, 511-12, 102 S.Ct. 1198 (1982) and *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276 (1982). Even though this ground is unexhausted, this court is not barred from denying relief. § 2254 (b)(2). It is clear that Petitioner cannot establish

4

the requirements for relief on his seventh ground. *See Smith v. Robbins*, 528 U.S. 259, 285-86, 120 S.Ct. 746 (2000).

Hill's final two grounds for relief relate to the sentence which the trial court imposed and involve the construction and interpretation of Texas state law. Therefore, neither presents a claim cognizable in a § 2254 petition, i.e. one which involves "clearly established Federal law, as determined by the Supreme Court of the United States." Moreover, it is quite apparent that his understanding of Texas state law is erroneous. *See* No. WR-25,516-03 at 163 at ¶¶ 21 and 23.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent

SIGNED this 8th day of February, 2008.

*Wm.F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.